UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARENCE D. WILLIS,

        Plaintiff,                      Case Number 04-10241-BC
                                         Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

and                                             **CONSOLIDATED CASES**

CLARENCE D. WILLIS,

        Plaintiff,                      Case Number 04-10366-BC
                                         Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS FOR
SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

The plaintiff filed the present action on September 13, 2004 *pro se* seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits, and denying in part his claim for supplemental security income under Title II and Title XVI of the Social Security Act. Later, the plaintiff filed another case in the Southern Division of this Court contending that the Social Security Commission violated his rights by not following through on promised payments of supplemental security income. A judge in the Southern Division transferred that case here, and the two were consolidated. The consolidated cases were referred to

United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on October 31, 2005 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. The Administrative Law Judge (ALJ) determined that the plaintiff was disabled within the meaning of the Social Security Act beginning June 3, 2001 (the day of the administrative hearing) but not before. The plaintiff had not worked since December 31, 1979 and his insured status ceased as of June 30, 1987, so the ALJ found that, although disabled, the plaintiff was not entitled to disability benefits. However, the ALJ noted that the plaintiff would be entitled to supplemental security income benefits after June 3, 2001 if he met the non-disability requirements of the Social Security Act. The plaintiff's challenge in this Court, which the magistrate judge rejected, goes to the determination that he was not disabled before June 3, 2001.

In his objections to the report of the magistrate judge, the plaintiff claims the Commissioner, the Department of Veterans Affairs, and the Department of Health and Human Services violated the Constitution by making his evidence "disappear." In his answer to the Commissioner's motion for summary judgment, the plaintiff says that he received a letter on December 17, 2000 from the Social

Security Administration that stated: "we previously sent you a letter that you meet the medical requirements for disability payments." Pl.'s Ans. to Mot. Summ. J. at 7. Neither that letter nor the one referenced in it, he claims, is in the present, voluminous administrative record. He insists, therefore, that the administrative record is not complete.

The plaintiff also objects because he believes he was unfairly denied the opportunity "to call witnesses before a jury of 12 peers" and to "face [his] accusers." Pl.'s Obj. to R&R at 3. The plaintiff contends the magistrate judge and the Commissioner gave improper weight to the opinion of Dr. Mark Deskovitz and wrongfully rejected the opinions of other doctors. He specifically points to psychological assessments in which he was given a global assessment of functioning (GAF) score lower than agency doctors had given him, and he contends that those lower scores show that he is entitled to benefits. He quarrels with the standard of review used by the magistrate judge. He takes issue with the conclusion of several of his medical providers that he was noncompliant with his diabetic therapy regime because he says he should not have to take medication that he believed was toxic to him. The plaintiff also objects to the finding that his gall bladder was removed.

The plaintiff, who is now fifty-one years old, effectively applied for a period of disability, disability insurance benefits, and supplemental security income on June 26, 2001 when he was forty-six years old. He completed eleventh grade in school, served in the Navy where he earned his G.E.D., and then worked as an auto mechanic. The plaintiff last worked in December 1979, the date he alleges he became disabled as a result of diabetes mellitus. Doctors have diagnosed diabetes mellitus, peripheral neuropathy, and dysthymia.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. He failed to appear at the first hearing

scheduled, resulting in the dismissed of his case on July 15, 1999. He applied for another hearing, which was held on June 3, 2003 before ALJ Larry Meuwissen when the plaintiff was forty-eight years old. The plaintiff represented himself at the hearing despite advice that he was entitled to representation. ALJ Meuwissen filed a decision on April 22, 2004 in which he found that the plaintiff was not disabled before June 3, 2003. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520; 416.920. The ALJ concluded that although the plaintiff engaged in sporadic and very limited work after December 1979, he had not engaged in substantial gainful activity since that date (step one); the plaintiff suffers from diabetes mellitus and depression, impairments which are "severe" within the meaning of the Social Security Act, but his other impairments consisting of problems with his knees, hips, back, neck, and shoulders were not "severe" (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as an auto mechanic, which was skilled and required heavy exertion (step four).

In applying the fifth step, the ALJ concluded that prior to June 3, 2003 the plaintiff had the residual functional capacity to perform a wide range of unskilled, simple, sedentary work. The ALJ found that there were jobs fitting within the plaintiff's limitations and those jobs existed in significant numbers in the national economy. Based on that finding and using Medical Vocational Rule 201.21 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act prior to June 3, 2003. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on July 14, 2004.

In reviewing the plaintiff's objections, it is apparent that he does not fully understand the nature of the judicial review that he seeks in this Court. He complains that he has not had a jury trial on his claims. But his "trial" occurred before the administrative law judge. The proceedings here are in the nature of an appeal. As the court of appeals has explained,

> the first hearing before the ALJ was a trial-type hearing. A hearing before a social security ALJ is similar to a judicial trial but differs because the Commissioner is not represented and the claimant is rarely represented by counsel. However, an ALJ hearing approximates a judicial trial in one important aspect: it serves as an adjudication of whether a claimant is entitled to social security benefits. The ALJ hearing resolves a disputed fact – whether a particular claimant is entitled to social security benefits. The claimant has the opportunity to present evidence in support of his or her claim that he or she deserves social security benefits.
>
> A decision concerning a claimant's eligibility for social security benefits is an "initial determination" under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905.

*Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997).

Congress has given claimants such as Mr. Willis a right to seek further review in court, but the review is limited and does not include the right to a jury trial. 42 U.S.C. § 405(g). Under such a review in court, the Commissioner's findings are conclusive if they are supported by substantial evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). *See also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The court of appeals has repeated on several occasions that "[t]he findings of fact of the [ALJ], if

supported by substantial evidence, are conclusive. . . . The case is not tried de novo in the District Court. Finality extends both to facts and inferences reasonably drawn therefrom when supported by substantial evidence." *Skalet v. Finch*, 431 F.2d 452, 453-54 (6th Cir. 1970) (citations omitted).

The plaintiff claims that the administrative record is not complete because it does not contain a letter promising the plaintiff supplemental security income for meeting the medical requirements for these benefits. He repeats what he believes is the text of that letter, which he explains in his complaint in docket no. 04-10366 that he cannot locate because he has moved and apparently misplaced his correspondence. But the letter he claims to have received he says was sent in December 2000. Meeting the medical requirements for disability around that time would help the plaintiff not at all on his claim for disability insurance because he did not enjoy insured status at that time, such status having expired in June 1987. The ALJ found that the plaintiff met the medical requirements for SSI benefits as of the date of the administrative hearing. Moreover, there is no evidence of such a letter other than the plaintiff's memory, and he did not discuss that evidence at the administrative hearing. Tr. at 1154-72. Although the ALJ explained the nature of SSI benefits to the plaintiff at the hearing, the plaintiff never mentioned that he received a letter promising him benefits, which would have been a logical comment at the time had he in fact received correspondence of that nature. The Court, therefore, will overrule that objection.

The plaintiff also attacks the non-disability finding by stating that it was unreasonable for the ALJ to rely on a psychological evaluation from the Veteran's Administration in August 1997 stating that he had a GAF of 75. Rather, he says that previous evaluations revealed GAF scores as low as 54. In fact, it appears that the plaintiff suffers from depression (dysthamia) and he was receiving Veteran's Disability Benefits at the time of the administrative hearing.

The GAF scale is a measure of psycholigical functioning. It is reflected in Axis V of a differential diagnosis. "Axis V is for reporting the clinician's judgment of the individual's overall level of functioning. This information is useful in planning treatment and measuring its impact, and in predicting outcome. The reporting of overall [psychological, social, and occupational] functioning of Axis V is done using the Global Assessment of Functioning (GAF) Scale." *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders – Text Revision 34* (*DSM-IV-TR*), 30 (4th ed. 2000). A GAF Scale of 71 to 80 indicates no more than slight impairment in areas such as social or occupational functioning; a scale of 70 to 61 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, and has some meaningful interpersonal relationships; a scale of 51-60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with co-workers); a scale of 41-50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting), or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job); a scale of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or a major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school).

A GAF score of 54, according to the diagnostic manual, indicates moderate symptoms. The GAF score is not a conclusive determiner of disability. Rather, a crucial step in the evaluation of

a claim of disability is the determination of the claimant's residual functional capacity (RFC). RFC is an "assessment of [the claimant's] remaining capacity for work," once his limitations have been considered. 20 C.F.R. § 416.945(a). "As we said, the RFC is meant to describe the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities. . . . While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240-41 (6th Cir. 2002).

The ALJ determined that the plaintiff had the capacity for a range of sedentary work before June 3, 2003 because no doctor ever gave an opinion that Mr. Willis was totally disabled, and "[f]rom a mental standpoint, there is very little evidence of any real, severely limiting problems prior to June 3, 2003." Tr. at 18. The ALJ also noted that the plaintiff was able to function at home, drive his children to and from school, go squirrel hunting, train his dog to hunt, and go fishing. Tr. at 19. The plaintiff does not contest these observations, and they are consistent with the ALJ's RFC finding.

The Court has considered the plaintiff's remaining objections and finds them wanting.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 26] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motions for summary judgment [dkt ## 9, 14] and default judgment [dkt # 21] are **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 22] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 22, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2006.

    s/Tracy A. Jacobs  
    TRACY A. JACOBS

---